UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERT CHARLES FOX, II | CIVIL ACTION |
| VERSUS | NO. 09-6756 |
| SHERIFF JACK STEPHENS ET AL. | SECTION "D"(2) |

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, it appeared that plaintiff, Bert Charles Fox, II, was an inmate incarcerated in the St. Bernard Parish Jail in Chalmette, Louisiana. Plaintiff instituted the captioned suit pursuant to 42 U.S.C. § 1983 alleging that his legal mail was delayed and opened outside his presence. Plaintiff seeks monetary damages and injunctive relief. Record Doc. No. 2, Complaint at ¶¶ IV and V.

By order dated October 16, 2009, Record Doc. No. 5, the court required plaintiff to file with the court on or before November 12, 2009 (1) a written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address

of each witness and a separate summary of the expected testimony of each witness. A review of the record indicates that this order was mailed to plaintiff at the address at the St. Bernard Parish Jail listed on his complaint. However, this order was returned to the court, Record Doc. No. 15, and no response from plaintiff has been received.

Thereafter, the court was advised by the St. Bernard Parish Sheriff's Department that plaintiff had been released from the St. Bernard Parish Jail on February 5, 2009, almost eight (8) months <u>before</u> his complaint was filed in this matter on October 16, 2009. Record Doc. No. 6. Staff of the undersigned magistrate judge investigated and were advised by officials of the St. Bernard Parish Jail that plaintiff had been transferred based on a fugitive warrant from New Mexico. However, no other information concerning plaintiff's whereabouts could be provided. Accordingly, because it appeared that the court's order should have been mailed to plaintiff at the alternative address listed in plaintiff's complaint at P.O. Box 25265, Albuquerque, New Mexico 87125, by order dated November 23, 2009, plaintiff was granted until December 14, 2009 to respond to the court's previous order requiring him to file a statement of facts and a list of witnesses and exhibits. Plaintiff was further advised that it is his responsibility to keep the court advised of any address change, Local Rules 11.1E and 41.3.1E, and that failure to comply with the orders of this court might result in dismissal of this action. The record reflects that this order was mailed to plaintiff at the Albuquerque, New Mexico,

alternative address listed in plaintiff's complaint. This order was also returned to the court, and no response from plaintiff has been received. Record Doc. Nos. 13, 17 and 18.

Accordingly, by order dated December 17, 2009, plaintiff was ordered to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's previous orders. Alternatively, plaintiff was again ordered to file his written statement of facts, witnesses and exhibits no later than January 14, 2010. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. This order, mailed to plaintiff at the Albuquerque, New Mexico address, has <u>not</u> been returned to the court, and no response from plaintiff has been received. Record Doc. No. 14.

<u>Some</u> mail addressed to plaintiff has been returned to the court. However, all litigants are obligated to keep the court advised of any address change. Local Rules 11.1E and 41.3.1E. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated January 31, 2009, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 2, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to

prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case. Plaintiff's failure to comply with the court's October 16, November 23 and December 17, 2009 orders, coupled with his failure to keep the court apprised of his address changes, if any, clearly reflect a failure on the part of plaintiff to prosecute.

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders. It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Bert Charles Fox, II, be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this    25th    day of January, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.